IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:11-cr-25-ECM |
| | ) | (WO) |
| JIMMY CORNELL TERRY | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the parties' joint motion to accept the proposed agreement to revoke the Defendant's supervised release (doc. 134) and an agreement to revoke the Defendant's supervised release (doc. 133) filed on July 20, 2020. For the reasons that follow, the Court accepts the agreement of the parties, accepts the Defendant's waiver of a revocation hearing, finds the Defendant guilty of three violations of conditions of his supervised release, revokes the Defendant's supervised release and imposes a term of incarceration of eight (8) months.

On June 30, 2020, the United States Probation Officer submitted an amended petition to revoke the Defendant's supervised release (doc. 126). In the amended petition, the Defendant is alleged to have violated several mandatory conditions of supervised release. The Defendant agrees and stipulates that he violated the terms and conditions of his supervised release as stated in violations 1, 2, and 5 of the amended petition. Specifically, the Defendant admits that on May 22, 2020, he told the probation officer that he consumed alcohol on a regular basis. The Defendant further admits that on May 22, 2020, he told the probation officer that he used crack cocaine on a regular basis, and he last used crack cocaine on May 18, 2020. Finally, the Defendant admits that on June 13, 2020,

he submitted a positive alcohol test on the remote alcohol monitor which indicated a blood alcohol content of .032.  He then failed to follow the remote alcohol monitoring procedures by not answering phone calls from the probation officer and by failing to submit required subsequent breath tests.  (Doc. 133 at 1-2).  The Defendant also specifically waives his right to a revocation hearing.  (Doc. 133 at 3).

Based on the Defendant's admissions, and his waiver of a revocation hearing, the Court finds the Defendant guilty of violations 1, 2, and 5 in the amended petition, and orders the Defendant's term of supervised release revoked.

The parties agree, and the Court finds, that the Defendant's actions constitute Grade C violations as stated in §7B1.1of the sentencing guidelines; that the Defendant's criminal history category was determined at the time of sentencing to be category VI; that the range of imprisonment applicable for revocation under the advisory guidelines is 8 to 14 months; and that the maximum term of imprisonment is two (2) years pursuant to 18 U.S.C. § 3583(e)(3).

Upon consideration and consultation of Chapter 7 of the Sentencing Guidelines, the parties' agreement, and after evaluating the reasonableness of a sentence through the lens of 18 U.S.C. § 3553, the Court finds that the Defendant should be committed to the custody of the Federal Bureau of Prisons to be imprisoned for 8 months.  The Court concludes that the sentence is sufficient, but not greater than necessary to comply with the statutory purposes of sentencing, and the sentence is reasonable when considering the sentencing factors found at 18 U.S.C. §3553(a), specifically the nature and circumstances of the offenses, the history and characteristics of the Defendant, the seriousness of the offenses,

to promote respect for the law, to provide just punishment and adequate deterrence to criminal conduct, and to protect the public from future crimes of the Defendant. The sentence in this case is appropriate because the Defendant admitted to using alcohol and crack cocaine in violation of his terms of supervised release. The sentence is also appropriate because this is the third time the Defendant's supervised release has been revoked; it was previously revoked in 2014 and 2018. The Defendant's continued violations demonstrate significant disregard for the law.

Accordingly, for the reasons as stated, it is

ORDERED that as follows:

1. the parties' joint motion is GRANTED;

2. the Defendant is GUILTY of violations 1, 2, and 5 in the amended petition;

3. the Defendant's term of supervised release imposed on October 25, 2018 is REVOKED;

4. the Defendant is committed to the custody of the United States Bureau of Prisons for a period of incarceration of eight (8) months. A Judgment and Commitment Order consistent with this Order and Agreed Order to Revoke Supervised Release (doc. 133) shall issue forthwith.

5. Violations 3 and 4 are DISMISSED with prejudice; and

6. The final revocation hearing set for August 4, 2020 is CANCELED.

DONE this 28th day of July, 2020.

                                         /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE